Reese, J.
delivered the opinion of the court.
The counsel for the plaintiff in error has argued, with much learning and ingenuity, that in all actions at common law, as well where the plaintiff sues upon his special case as in other forms of action, it is necessary to his maintainánce of the suit that the injury complained of should be either some invasion of his possession of property or should affect the value or enjoyment of property to which he has some legal right. The counsel for the defendant in error, conceding the general correctness of the principles insisted on, yet contends that there are many cases in which a party having an equitable title only to property may yet bring his special action on the case for an injury affecting the existence or* value of the property or operating a deprivation of his right, on the ground that otherwise he would have no remedy either at law or equity for the wrong done him. We deem it unnecessary, and therefore improper, in the case before us to determine whether the rule laid down on the one side be universal and inflexible in its application, or whether, on the other side, the exceptions to it exist upon the principle and to the extent contended for; for we think the counsel for the defendant in error correct in the position taken by him, that the legal operation and effect of the decree set forth in the second count of the declaration, upon which the contest arises, was to vest the defendant in error not with a merely equitable but with a legal right to the slave injquestion. The effect of the decree was to make the title of Wilks that of a mortgage, and the title of Tate that of a mortgagee, before forfeiture; or rather, perhaps, to make the property in the possession of the latter a mere pledge and him a mere pledgee. At any time, therefore, after the decree, Wilks, by tendering the money, would have reclaimed the pledge, terminated the interest of Tate, and entitled himself to maintain the action *290 of detinue for the negro, if he had not been surrendered ta him. This being, in our opinion, the effect of the rights of the parties produced by the legal operation of the decree set forth in the declaration, it is unnecessary to say that upon acknowledged and well settled grounds the plaintiff below had a legal and common law right to the property in question, for the deprivation of which he may well maintain an action upon his special case. As to the verdict of the jury» we think the facts shown upon the record fully sustain it. Let the judgment be affirmed.